IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                 RESPONDENT

vs.                                           Criminal No. 6:12-cr-60026
                                              Civil No. 6:16-cv-6132

MYRON SHORTS                                                                                    MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant MYRON SHORTS (Shorts), who is proceeding *pro se,* filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on December 23, 2016. ECF No. 43. After being directed by the Court to respond, the Government filed a Response to this Motion. ECF No. 46. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion, the Response, and the record in this case. Based upon that review, the Court recommends this Motion be **DENIED**.

1.     **Procedural Background**:

On October 11, 2012, the Grand Jury of the Western District of Arkansas returned a one-count Indictment charging Shorts with having knowingly possessed a Star .45 caliber pistol after having been previously convicted of a felony. ECF No. 8.[1] On January 17, 2013, Shorts appeared before the Honorable Susan O. Hickey for a change of plea hearing. ECF No. 28. A written plea agreement was presented to the Court that set forth that Shorts agreed to plead guilty to the one-count Indictment charging him with being a prior convicted felon in possession of a firearm. ECF No. 29. Judge Hickey ordered a Presentence Report (PSR) be prepared.

---

[1] Shorts was originally charged by complaint with the same offense on September 5, 2012. ECF No. 1.

The final PSR was filed on May 2, 2013. ECF No. 31. The PSR, utilizing the United States Sentencing Guidelines (USSG), determined Shorts's base offense level to be 24. ECF No. 31, ¶ 13. Four levels were added to Shorts's base offense level because it was determined he had purposefully displayed the firearm in such a manner as to create a substantial danger of death or physical injury to another person. ECF No. 31, ¶ 14. Additionally, Shorts received a 2-level adjustment for obstruction of justice. ECF No. 31, ¶ 17. These adjustments resulted in an adjusted offense level of 30. ECF No. 31, ¶ 18.

Further, the PSR determined Shorts had at least three prior convictions for violent felonies or drug offenses committed on different occasions and his offense level was increased to 34 pursuant to USSG § 4B1.4. ECF No. 31, ¶ 19. After receiving a 3-levels reduction for acceptance of responsibility, Shorts's total offense level was determined to be 31. ECF No. 31, ¶¶ 20-22. Because Shorts was determined to be an armed career criminal pursuant to USSG § 4B1.4(c), his criminal history category was VI. ECF No. 31, ¶ 40.

The PSR also determined that the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) applied with its mandatory minimum sentence of 15 years up to life imprisonment. ECF No. 31, ¶ 57. The PSR recommended a sentence range of 188-235 months.[2] ECF No. 31, ¶ 58.

At sentencing on October 21, 2013, Judge Hickey did not find Shorts to be subject to the ACCA nor did she apply the enhancements of USSG § 4B1.4. Instead the Court determined Shorts's total offense level to be 27 and his criminal history category to be III. This resulted in a USSG sentence range of 87-108 months imprisonment. ECF No. 40, p. 1. Judge Hickey sentenced Shorts

---

[2] Had Shorts not been determined to be an armed career offender under USSG §4B1.4, his total offense level would have been 27 and his criminal history category would have been III. This would have resulted in a USSG recommended sentence range of 87-108 months imprisonment.

to 108 months imprisonment, no fine, a $100.00 special assessment and a term of three years supervised release. ECF No. 39. Shorts did not appeal the sentence imposed. On December 23, 2016, he filed the instant *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 43.

**2.    Instant Motion:**

In the Motion pending before the Court, Shorts raises one issue, namely that he was "wrongly designated" as an "ACCA felon." He specifically argues that pursuant to *Johnson v. United States*, ___ U.S. ___,135 S. Ct. 2551 (2015) his prior offenses for domestic assault and battery in Arkansas and in Illinois do not qualify as "violent offenses" under the ACCA and thus he should not have been enhanced as an armed career criminal. He requests he be re-sentenced without the armed career criminal enhancement.

The Government has responded to the Motion (ECF No. 46) and asserts (1) the Motion is barred by the statute of limitations, (2) Shorts waived his right to collaterally attack the sentence imposed, and (3) *Johnson* is not implicated in this case. ECF No. 46.

**3.    Applicable Law:**

Pursuant to § 2255, there are generally four grounds upon which a person serving a Federal prison sentence may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

4.	**Discussion**:

Shorts fails to point out in his Motion that he was not in fact sentenced as an armed career criminal. The Government asserts Shorts was not sentenced as an armed career criminal under the ACCA. The Court agrees. Shorts was not sentenced as an armed career criminal. Sentencing pursuant to the ACCA would have *mandated* a minimum 15 year term of imprisonment for Shorts, with a possible life sentence. Further, had the Court sentenced Shorts as an armed career offender under the USSG, his offense level would have been 31 with a criminal history category VI. This would have resulted in a USSG recommended sentence of 188-235 months.

Clearly, Judge Hickey applied neither the ACCA nor USSG § 4B1.4 to Shorts's sentence. As shown on the Statement of Reasons, Judge Hickey specifically found as follows:

> Domestic Battery III in paragraph 36 [of the PSR] is ruled as a non-violent offense. Therefore, armed career criminal enhancements do not apply.

ECF No. 40, ¶ I.B. Further, Judge Hickey, in applying the USSG, found a total offense level 27 and criminal history category III. This resulted in an USSG sentence range of 87-108 months and she sentenced Shorts to 108 months imprisonment. Notably, this sentence is below the maximum sentence of 120 months for the offense charged, absent application of the ACCA. ECF No. 9.

Shorts did not have his sentence enhanced by the ACCA. Accordingly, *Johnson* is not applicable to his sentence. Further, Shorts was not sentenced pursuant to the armed career offender provisions of USSG § 4B1.4. His Motion should be denied on its merits.[3]

5.	**Conclusion**:

Shorts's Motion should be denied on the merits as he was not sentenced as an armed career

---

[3] Because this Motion should clearly be denied on its merits, the Court will not address the defenses of limitations and waiver of right to seek collateral relief raised by the Government.

criminal.

**6.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 43) be **DENIED** and dismissed with prejudice.[4]  The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **17th day of October 2017.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*